**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

TERRILL DEON BOYLES, #227540,

      Petitioner,

v.                                                Case No. 2:06-CV-12207

JERRI ANN SHERRY,

      Respondent.
_____/

**OPINION AND ORDER (1) CONSTRUING PETITIONER'S "MOTION FOR
CERTIFICATE OF APPEALABILITY" AS "MOTION FOR RECONSIDERATION,"
AND (2) DENYING MOTION FOR RECONSIDERATION**

Petitioner Terrill Deon Boyles filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254, challenging his convictions for first-degree premeditated murder, first-degree felony murder, armed robbery, conspiracy to commit armed robbery, assault with intent to commit murder, felonious assault, and possession of a firearm during the commission of a felony.  On October 31, 2008, the court issued an "Opinion and Order Denying Petition for Writ of Habeas Corpus and Denying a Certificate of Appealability."   Pending before the court is Petitioner's "Motion for Certificate of Appealability," with respect to his ineffective assistance of counsel, prosecutorial misconduct, insufficiency of evidence, and cumulative error claims raised in his petition.  Because the court has already denied a certificate of appealability, the court construes Petitioner's motion as requesting reconsideration of that denial.

Motions for reconsideration may be granted when the moving party shows: (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the

correction of which will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot,* 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Petitioner asks the court to reconsider its denial of a certificate of appealability for the following claims: (1) ineffective assistance of counsel for failing to call Arthur Moore and Cleve Manley as alibi witnesses, failing to adequately prepare of trial, failing to object to photographic evidence, and failing to request a mistrial after the prosecutor engaged in misconduct; (2) prosecutorial misconduct due to leaving proposed jury instructions in the jury room; (3) insufficient evidence; and (4) cumulative error. However, the court held that the state court's decision regarding these issues was not based upon an unreasonable application of controlling and clearly established federal law, as determined by the Supreme Court of the United States.

The court declined to issue a certificate of appealability because it concluded reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

Petitioner's arguments for reconsideration amount to a disagreement with the court's decision. A motion predicated on such an argument is an insufficient ground upon which to grant reconsideration. E.D. Mich. LR 7.1(g)(3); *see also Meekison v. Ohio Dep't of Rehabilitation and Correction,* 181 F.R.D. 571, 572 (S.D. Ohio 1998). Petitioner fails to demonstrate that the court's decision denying a certificate of

appealability was based upon a palpable defect by which the court was misled.

Accordingly,

    IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt. # 27], which the court construed as a "Motion for Reconsideration," is DENIED.


        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: January 9, 2009


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 9, 2009, by electronic and/or ordinary mail.


        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\06-12207.BOYLES.Motion.Denying.Motion.for.COA.as.Motion.for.Reconsideration.ka.ljd.wpd

3